IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C.M.,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Civil No. 24-00257 JAO-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(b) FEES |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(b) FEES

On July 8, 2026, counsel for Plaintiff C.M. ("Plaintiff") filed a Petition for 406(b) Fees ("Petition"). ECF No. 24. On July 14, 2026, Defendant Commissioner of Social Security ("Defendant") filed a Response to the Petition. ECF No. 25. Therein, Defendant states that he "neither supports nor opposes" the Petition. *Id.* at 1–2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully reviewing the Petition, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Petition.

## BACKGROUND

This matter concerns Plaintiff's appeal of Defendant's denial of Social Security Disability Insurance benefits to Plaintiff. On June 17, 2024, Plaintiff filed a Complaint for Review of Social Security Disability Benefits Determination. ECF No. 1. On December 9, 2024, the district court issued an Order Reversing the Decision of the Commissioner of Social Security. ECF No. 21. That same day, the Clerk of Court entered judgment. ECF No. 22.

On January 22, 2026, a second administrative hearing was held. ECF No. 24 at 3. Plaintiff subsequently received a favorable decision that granted her application for benefits. *Id.* (citing ECF No. 24-3).

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of her past-due benefits if her Social Security appeal was successful. ECF No. 24 at 3 (citing ECF No. 24-2). In April 2026, Plaintiff's counsel received a Notice of Award for Plaintiff from the Social Security Administration. ECF No. 24-3. The Notice of Award provides that Plaintiff is "entitled to retroactive benefits and $4,346.73 was withheld for attorney fees." ECF No. 24 at 3. Plaintiff received $54,186.90 in past-due benefits. *Id.* at 6.

On July 8, 2026, Plaintiff's counsel filed the Petition, requesting $4,346.73 in attorneys' fees pursuant to 42 U.S.C. § 406(b). ECF No. 24.

DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel for up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and § 406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)). Plaintiff's counsel states that there "were no EAJA fees associated with this case." ECF No. 24-1 at 3 ¶ 14.

The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Gisbrecht*, 535 U.S. at 807. If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08 (citations omitted).

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case[,]" . . . [such that] the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1148, 1151 (quoting and citing *Gisbrecht*, 535 U.S. at 806, 808).

The Court has carefully reviewed the Petition and the record in this case, and the Court finds that Plaintiff's counsel has met her burden in demonstrating that the requested fees are reasonable. Plaintiff entered into a contingency fee agreement with her counsel. ECF No. 24 at 3 (citing ECF No. 24-2); ECF No. 24-1 at 1 ¶ 2; ECF No. 24-4 at 1–2 ¶ 2. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of her past-due benefits if counsel successfully represented her on appeal and owed no fees if the appeal was unsuccessful. ECF No. 24-2. Counsel's request for $4,346.73 is consistent with the fee agreement and within the statutory maximum of 25% of the past-due benefits awarded to Plaintiff. 42 U.S.C. § 406(b)(1)(A).

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving significant past-due benefits. *See* ECF No. 24 at 6. In addition, Plaintiff is now entitled to "retro-active hospital insurance under Medicare, the value of which is not accounted for in the retroactive award." *Id.* at 7. The Court thus finds no reason to reduce fees

for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In her declaration in support of the Petition, Plaintiff's counsel indicates that she spent 37.86 hours litigating this case in federal court. ECF No. 24-1 at 2 ¶ 10. An award of $4,346.73 for 37.86 hours of work would yield an effective hourly rate of $114.81. This effective hourly is well within the range of hourly rates approved by other courts in the Ninth Circuit. *See, e.g.*, *Julio Cesar M. v. Bisignano*, Case No.: 23CV2108-BLM, 2026 WL 1001909, at *2 (S.D. Cal. Apr. 14, 2026) (approving an award with an effective hourly rate of $1,376.70 and citing cases approving awards with hourly rates of, among others, $1,224.37 and $2,535.21); *Kelly Kay M. v. O'Malley*, Case No.: 22-cv-01969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (citing cases approving awards with hourly rates of $2,000, $1,900, $1,863.01, and $1,612).

Here, Plaintiff's counsel assumed a substantial risk in representing Plaintiff on a contingency-fee basis. Plaintiff filed her application for disability insurance benefits in May 2021. ECF No. 1 at 1 ¶ 1. Plaintiff's counsel filed this lawsuit in January 2024. ECF No. 1. Plaintiff's counsel has represented Plaintiff since 2024 with respect to this case and obtained a favorable result for Plaintiff. Despite this work, Plaintiff's counsel has not been paid since she was retained.

Plaintiff's counsel graduated from Northeastern University School of Law and has been an attorney in good standing since November 2011. ECF No. 24-1 at 2 ¶ 7. The Court has a favorable view of Plaintiff's counsel and her work, and this case was no exception. Plaintiff's counsel is among the few attorneys in this district who routinely represent social security disability insurance claimants in federal court. The Court recognizes the value and importance of this work and does not wish to discourage counsel from assuming the risks to represent claimants in federal court. Based on the foregoing, the Court finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff's counsel's request for attorneys' fees is reasonable. The Court thus RECOMMENDS that the district court GRANT the Petition and award Plaintiff's counsel $4,346.73 in attorneys' fees in accordance with 42 U.S.C. § 406(b).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 31, 2026.

Kenneth J. Mansfield
United States Magistrate Judge